1  **Matthew S. Parmet** (CSB # 296742)
   matt@parmet.law
2  **PARMET PC**
   340 S. Lemon Ave., #1228
3  Walnut, CA 91789
   phone  310 928 1228
4
5  **Attorneys for Plaintiff**

6

7

8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
                     **EASTERN DIVISION**
10

| | |
|---|---|
| STEVE SICKLER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>SPECIALIST STAFFING SERVICES, INC. d/b/a PROGRESSIVE GLOBAL ENERGY,<br><br>                Defendant. | Case No. 5:21-cv-00834<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1.  **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*);**<br>2.  **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders);**<br>3.  **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001);**<br>4.  **Waiting time penalties (CAL. LAB. CODE § 203);**<br>5.  **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200, *et seq.*);**<br>6.  **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>7.  **Violations of NYYL Overtime Wage Law (NYLL, art. 19, § 650, et seq.);**<br>8.  **Failure to Provide Proper Annual Wage Notices (NYLL, art. 6, § 195(1))**<br>9.  **Failure to Provide Accurate Wage Statements (NYLL, art. 6, § 195(3))** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARMET PC** (vertical, left margin)

PARMET PC

## SUMMARY

1.  Plaintiff Steve Sickler worked for Defendant Specialist Staffing Services, Inc. d/b/a Progressive Global Energy (Progressive) as a Construction Manager.

2.  The nature of Sickler's working relationship with Progressive is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA, California law, and New York law.

3.  Sickler worked overtime while working for Progressive.

4.  Progressive paid Sickler the same hourly rate for all hours worked including those in excess of 40 in a workweek and in excess of eight in a single workday.

5.  Progressive did not pay Sickler a true salary.

6.  Progressive did not guarantee Sickler a salary.

7.  Progressive did not pay Sickler hourly and overtime.

8.  Sickler and the other straight time for overtime employees are similarly situated for the purposes of the FLSA, California law, and New York law.

9.  Sickler seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA, California law, and New York law.

## JURISDICTION AND VENUE

10.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11.  The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Sickler worked for Progressive in the district and division.

## PARTIES

14.  Sickler worked for Progressive as a Construction Manager from approximately March 2018 to March 2019.

15.     Throughout his employment with Progressive, Sickler was paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

16.     Throughout his employment with Progressive, Sickler was paid the same hourly rate for all hours worked, including those in excess of eight in a workday.

17.     Sickler's consent to be a party plaintiff is attached as Exhibit A.

18.     Sickler brings this action on behalf of himself and all other similarly situated workers were paid by Progressive's straight time for overtime system, regardless of job title.

19.     Progressive did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA.

20.     Sickler represents at least three classes of similarly situated co-workers.

21.     First, Sickler represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **All employees of Progressive in the past three years who were paid less than time and a half for all hours worked over 40 and staffed to the energy industry.**

22.     Second, Sickler represents a class of similarly situated hourly employees under the California Labor Code pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **All employees of Progressive in the past four years working in California who were paid less than time and a half for all hours worked over 40 and staffed to the energy industry.**

23.     Third, Sickler represents a class of similarly situated hourly employees under the New York Labor Law (NYLL) pursuant to Federal Rule of Civil Procedure 23. The New York Class is defined as:

> **All employees of Progressive in the past six years working in New York who were paid less than time and a half for all hours worked over 40 and staffed to the energy industry.**

24.     Collectively, the FLSA Class Members, California Class Members, and New York Class Members are referred to as "Class Members."

PARMET PC

25.     Progressive Global Energy may be served by serving its registered agent for service of process: **The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**.

#### COVERAGE UNDER THE FLSA

26.     For at least the past three years, Progressive has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27.     For at least the past three years, Progressive has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28.     For at least the past three years, Progressive has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

29.     For at least the past three years, Sickler and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

#### FACTS

30.     Progressive is a global recruitment company.

31.     To do this, Progressive staffs employees worldwide including throughout the United States.

32.     Sickler was one of these employees.

33.     Sickler worked for Progressive from March 2018 until March 2019.

34.     Sickler performed work for Progressive in California.

35.     Sickler performed work for Progressive in New York.

36.     Sickler performed work for Progressive in Tennessee.

37.     Progressive staffed Sickler to ABB Group Service.

38.   Progressive paid Sickler by the hour.

39.   Sickler was paid approximately $70 for each approved hour he worked.

40.   Sickler reported the hours he worked to Progressive on a regular basis.

41.   Sickler was not guaranteed a salary.

42.   Sickler was not guaranteed to work 40 hours a week.

43.   Sickler regularly worked over 40 hours in a week.

44.   For example, Sickler regularly worked 60 hours.

45.   If Sickler worked 60 hours, he would have been paid $70 an hour for all 60 hours.

46.   Sickler was paid his regular rate of $70 for every hour he worked.

47.   Sickler regularly worked over 8 hours in a day.

48.   If Sickler worked over 8 hours in a day, he was paid the same hourly rate for all hours he worked.

49.   As shown, rather than receiving time and half as required by the FLSA, California Laws, and New York Laws, Sickler only received "straight time" pay for overtime hours worked.

50.   Progressive's "straight time for overtime" payment scheme violates the FLSA and state labor laws.

51.   Progressive was and is aware of the overtime requirements of the FLSA, California laws, and New York laws.

52.   Progressive nonetheless fails to pay certain employees, such as Sickler, overtime.

53.   Progressive's failure to pay overtime to these workers was, and is, a willful violation of the FLSA and state laws.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

54.   Progressive's illegal "straight time for overtime" policy extends well beyond Sickler.

55.   It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (*McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].)

56.   Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

57.     Many of these hourly employees have worked with Sickler and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

58.     Thus, from Sickler's observations and discussions with these hourly employees, he is aware that the illegal practices or policies of Progressive have been imposed on a distinct group of hourly employees.

59.     These employees were all paid straight time for overtime, and were not paid an overtime premium.

60.     These hourly employees are victims of Progressive's unlawful compensation practices and are similarly situated to Sickler in terms of pay provisions and employment practices.

61.     Progressive's failure to pay wages and overtime compensation at the rates required by the FLSA, California laws, and New York laws result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly employees.

62.     Thus, Sickler's experiences are typical of the experiences of the straight time for overtime employees he seeks to represent.

63.     The specific job titles or precise job locations of the various straight time for overtime employees does not prevent collective treatment.

64.     Sickler has no interests contrary to, or in conflict with, the members of the FLSA Class Members, California Class Members, or New York Class Members. Like each member of the proposed classes, Sickler has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

65.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66.     Absent this action, many FLSA Class Members, California Class Members, and New York Class Members likely will not obtain redress of their injuries and Progressive will reap the unjust benefits of violating the FLSA and state laws.

67.     Furthermore, even if some of the FLSA Class Members, California Class Members, or New York Class Members could afford individual litigation against Progressive, it would be unduly burdensome to the judicial system.

68.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

69.     The questions of law and fact common to each of the FLSA Class Members, California Class Members, and New York Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> a. Whether Progressive employed the FLSA Class Members, California Class Members, and New York Class Members within the meaning of the FLSA and California law;
>
> b. Whether the FLSA Class Members, California Class Members, and New York Class Members were exempt from overtime;
>
> c. Whether Progressive's decision to not pay overtime to the FLSA Class Members was made in good faith; and
>
> d. Whether Progressive's violation of the FLSA was willful.

70.     Sickler's claims are typical of the FLSA Class Members, California Class Members, and New York Class Members.

71.     Sickler and the FLSA Class Members, California Class Members, and New York Class Members have sustained damages arising out of Progressive's illegal and uniform employment policy.

72.     Sickler knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

73.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

74.     All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

75.     Progressive has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating employees straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

76.     Progressive knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class Members overtime compensation.

77.     Progressive's failure to pay overtime compensation to these FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

78.     Accordingly, Sickler and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

79.     Sickler incorporates by reference all other allegations.

80.     The California Labor Code requires that all employees, including Sickler and the California Class Members, receive time and one-half overtime premium compensation for hours worked over eight in one day. (CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.)

81.     Despite working over eight hours a day as part of their normal and regular shift, Sickler and the California Class Members did not receive any overtime compensation for all hours worked over eight in one day.

82.     The California Labor Code also requires that all employees, including Sickler and the California Class Members, receive two times the overtime premium compensation for hours worked over 12 in one day. (CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.)

83.     Though Sickler and the California Class Members occasionally worked over twelve (12) hours in one day, they did not receive the "double time" compensation required by California law.

84.   The California Labor Code requires that all employees, including Sickler and the California Class Members, receive two times the overtime premium compensation for hours worked over eight in one day, in the seventh day of a workweek. (CAL. LAB. CODE § 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.)

85.   Though Sickler and the California Class Members occasionally worked seven days a week, for 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

86.   This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitled to recovery by Sickler and the California Class Members in a civil action, for the unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE
### COMPENSATION FOR MISSED MEAL AND REST PERIODS UNDER CALIFORNIA LAW

87.   Sickler incorporates by reference all other allegations.

88.   In accordance with the mandates of California Labor Code sections 226.7, 512, and the applicable IWC Wage Order, Sickler and the California Class Members had the right to take two uninterrupted thirty-minute meal periods for each day they worked 10 hours per day and a 10-minute rest period for every four hours worked per day. (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.)

89.   Though the California Labor Code requires that all employees, including Sickler and the California Class Members, receive two 30-minute meal-period breaks when employed for 10 hours per day, Sickler and the California Class Members did not receive two meal-period breaks for each day worked, despite working 12-hour shifts. (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.)

90.   As a pattern and practice, Progressive did not provide Sickler and the California Class Members with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

91.     Though the California Labor Code requires that all employees, including Sickler and the California Class Members, receive a 10-minute rest period for every four hours worked, Sickler and the California Class Members did not receive any rest periods during their 12-hour shifts. (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.)

92.     As a pattern and practice, Progressive did not provide Sickler and the California Class Members with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

93.     Sickler and the California Class Members are entitled to receive compensation, at their regular rate of pay, for one hour for each day they were denied their lawfully required meal and rest periods. (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.)

94.     Progressive's policy fails to provide Sickler and the California Class Members with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Sickler and the California Class Members in a civil action, for the balance of the unpaid compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order.

**FOURTH CAUSE OF ACTION—WAITING TIME PENALTIES UNDER CALIFORNIA LAW**

95.     Sickler incorporates by reference all other allegations.

96.     At all times relevant herein, Progressive was required to pay Sickler and the California Class Members all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

97.     As a result of Progressive's alleged Labor Code violations alleged above, Progressive regularly failed to pay Sickler and the California Class Members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

98.     The conduct of Progressive and its agents and employees as described herein was willfully done in violation of Sickler and the California Class Members' rights, and done by managerial employees of Progressive.

99.     Progressive's willful failure to provide Sickler and the California Class Members the wages due and owing them upon separation from employment results in a continuation of wages up

to thirty (30) days from the time the wages were due. Therefore, Sickler and the California Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FIFTH CAUSE OF ACTION—**

**VIOLATION OF UNFAIR COMPETITION LAW UNDER CALIFORNIA LAW**

100.    Sickler incorporates by reference all other allegations.

101.    Progressive has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) federally mandated overtime wages; (2) minimum overtime wages required by the State of California; (3) meal-period and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

102.    As a result of Progressive's failure to comply with federal and state law, it has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

103.    Sickler and the California Class Members seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Progressive by means of the unfair practices complained of herein.

104.    The acts complained of herein occurred within the four years preceding the filing of this action.

105.    On information and belief, Progressive has engaged in unlawful, deception and unfair business practices, as proscribed by California's Business and Professions Code § 17200, *et seq.*, including those set forth above, thereby depriving Sickler and the California Class Members the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described herein.

106.    Sickler is entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

107.    Sickler is also entitled to permanent injunctive and declaratory relief prohibiting Progressive from engaging in the violations and other misconduct referred to above.

PARMET PC

108.     Progressive is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### SIXTH CAUSE OF ACTION—RECORD KEEPING REQUIREMENTS UNDER CALIFORNIA LAW

109.     Sickler incorporates by reference all other allegations.

110.     California Labor Code section 226 requires Progressive to keep accurate records regarding the rates of pay for their California employees and provide that information to Amin with their wage payment.

111.     Because Progressive failed to pay Sickler lawful wages, it did not maintain accurate records of Sickler and the California Class Members' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Sickler and the California Class Members with their wages.

112.     This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Sickler to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. (CAL. LAB. CODE § 226(e).)

### SEVENTH CAUSE OF ACTION—VIOLATIONS OF NYYL OVERTIME WAGE LAW

113.     Sickler incorporates by reference all other allegations.

114.     The overtime provisions of the NYLL and its supporting regulations applies to Progressive and protect Sickler and the New York Class.

115.     Progressive failed to pay Sickler and the New York Class the premium overtime wages to which they were entitled under the NYLL—at a rate of 1.5 times their regular rate of pay—for all hours worked beyond 40 per workweek.

116.     Through its knowing or intentional failure to pay Sickler and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Progressive willfully violated the NYLL, article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

117.     Due to Progressive's violations of the NYLL, Sickler and the New York Class are entitled to recover from Progressive its unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

**EIGHTH CAUSE OF ACTION—**

**FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES UNDER NEW YORK LAW**

118.    Sickler incorporates by reference all other allegations.

119.    Progressive has failed to furnish Sickler and the New York Class with proper annual wage notices as required by NYLL, article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

120.    Due to Progressive's violations of NYLL, article 6, § 195(1), Sickler and the New York Class are entitled to statutory penalties of $50 for each workday that Progressive failed to provide Sickler and the New York Class with annual wage notices, or a total of $5,000 each, and reasonable attorneys' fees and costs, as provided for by NYLL, article 6, § 198(1-b).

**NINTH CAUSE OF ACTION—**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER NEW YORK LAW**

121.    Sickler incorporates by reference all other allegations.

122.    Progressive failed to supply Sickler and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

123.     Due to Progressive's violations of NYLL, Article 6, § 195(3), Sickler and the New York Class are entitled to statutory penalties of $250 for each workday that Progressive failed to provide them with accurate wage statements, or a total of $5,000, and reasonable attorneys' fees and costs, as provided for by NYLL, article 6, § 198 (1-d).

### RELIEF SOUGHT

WHEREFORE, Sickler prays for judgment against Progressive as follows:

a.    For an order certifying class actions under Rule 23 for the purposes of the claims under California law and New York law;

b.    For an order certifying this case as a collective action for the purposes of the FLSA claims;

c.    For an order finding Progressive liable for violations of state and federal wage laws with respect to Sickler and all Class Members covered by this case;

d.    For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Sickler and all Class Members covered by this case;

e.    For a judgment awarding Sickler and all Class Members covered by this case their costs of this action;

f.    For a judgment awarding Sickler and all Class Members covered by this case their attorneys' fees;

g.    For a judgment awarding Sickler and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h.    For all such other and further relief as may be necessary and appropriate.

Dated: <u>May 11, 2021</u>

Respectfully submitted,

**PARMET PC**

*/s/ Matthew S. Parmet*

By: _____
    **Matthew S. Parmet**

**Attorneys for Plaintiff**