JS-6 <sup>Admin</sup>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-834 JGB (KKx) | Date | July 21, 2021 |
| Title | *Steve Sickler v. Specialist Staffing Services, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Compel Arbitration and Stay Proceedings (Dkt. No. 11); and (2) VACATING the July 26, 2021 Hearing (IN CHAMBERS)

Before the Court is a motion to compel arbitration and stay proceedings filed by Defendant Specialist Staffing Services, Inc. ("Motion," Dkt. No. 13.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in favor of the Motion, the Court GRANTS the Motion. The Court VACATES the hearing set for July 26, 2021.

## I.  BACKGROUND

Plaintiff Steve Sickler worked for Defendant Specialist Staffing Services, Inc. d/b/a Progressive Global Energy ("Progressive") from March 2018 until March 2019. (Dkt. No. 1.) On May 11, 2021, Plaintiff filed this putative class and collective action against Defendant. ("Complaint," Dkt. No. 1.) The Complaint alleges nine causes of action: (1) failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; (2) failure to pay wages in violation of Cal. Lab. Code §§ 510, 1194, 1194.5 and IWC Wage Orders; (3) failure to provide compensation for missed meal and rest periods in violation of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order 16-2001; (4) waiting time penalties under Cal. Lab. Code § 203; (5) violation of Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (6) violation of record keeping requirements under Cal. Lab. Code § 226; (7) violation of the Overtime Wage Law under New York Labor Law ("NYLL"), art. 19, § 650, et seq.; (8) failure to provide proper annual wage notices under NYLL, art. 6, § 195(1); and (9) failure to provide accurate wage statements under NYLL, art. 6, § 195(3). (Id.)

Defendants filed the Motion on June 17, 2021.  (Mot.)  Plaintiff did not oppose.

## II.   LEGAL STANDARD

The Federal Arbitration Act (the "FAA") provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA establishes a general policy favoring arbitration agreements.  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) ("Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate.")  Its principal purpose is to "ensure that private arbitration agreements are enforced according to their terms."  Concepcion, 563 U.S. at 334 (citing Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ., 489 U.S. 468 (1989) (internal quotation marks omitted)).  "Arbitration is a matter of contract, and the [FAA] requires courts to honor parties' expectations."  Id. at 351.

Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such an arbitration proceed in the manner provided for in [the arbitration] agreement."  9 U.S.C. § 4.  Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration.  Id.  If such a showing is made, the district court shall also stay the proceedings pending resolution of the arbitration at the request of one of the parties bound to arbitrate.  Id. § 3.

To determine whether to compel arbitration, a district court's involvement is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  Cox, 533 F.3d at 1119 (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)).  A party seeking to compel arbitration under the FAA has the burden in this regard.  Id.  However, "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question who has the primary power to decide arbitrability turns upon what the parties agreed about that matter."  First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995).

## III.   DISCUSSION

Plaintiff's non-opposition may be understood as consent to the Motion.  See L.R. 7-12.  In addition, Defendant has submitted a copy of two arbitration agreements signed by Plaintiff. (Dkt. No. 11-2, Holloway Decl., Exs. A-B.)  The first agreement is dated March 7, 2018, labeled "Specialist Staffing Services Inc. – Temporary Employment Agreement," and signed by Plaintiff.  (Id. at Ex. A.)  The second agreement is dated May 29, 2018, labeled "Specialist Staffing Services Inc – Temporary Employment Agreement," and signed by Plaintiff.  (Id. at Ex. B.)  Both agreements are short and standard.  They cover "[a]ny controversy, dispute or claim arising out of or relating to this [Employment] Agreement or breach thereof."  (Id.)  The Employment Agreement in turn outlines the wages and compensation for Plaintiff's

employment.  (Id.)  Thus, Defendant has met its burden to prove that a valid arbitration agreement exists between the parties that encompasses the dispute at issue.

### IV.   CONCLUSION

For the reasons above, the Court GRANTS Defendant's Motion to compel arbitration and STAYS the matter pending arbitration.  The Court ORDERS the parties to file a status report at the earlier of four months from the date of this Order or within ten (10) days of the completion of arbitration.  The July 26, 2021 hearing is VACATED.

**IT IS SO ORDERED.**